**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,      :
                                                        :
v.                                                      :
                                                        :      CASE NO.: 7:18-CR-20 (WLS)
ROBERT ABACAN,                            :
                                                        :
      Defendant.                        :
_____ :

## ORDER

Before the Court is Defendant's Motion to Return Property (Doc. 129), filed on March 19, 2025. Therein, Defendant moves the Court, under Federal Rule of Criminal Procedure 41(g), for the return of certain personal property seized during the execution of a search warrant by the Lowndes County Sheriff's Office (LCSO) on March 5, 2019.

As background, Defendant was charged on May 8, 2018, in a ten-count Indictment (Doc. 1) with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), (b), and (e). On February 26, 2021, Defendant pleaded guilty to a Superseding Information (Doc. 53) which charged him with two counts of Production of Child Pornography. (Docs. 56 & 57). On July 21, 2021, Defendant was sentenced to 50 years' imprisonment to be followed by a term of supervised release of twenty-five years. (Docs. 75 & 79). On July 23, 2021, Defendant entered a Waiver of Appeal Rights. (Doc. 83).

On March 19, 2025, Defendant filed the instant Motion. The Government filed a Response (Doc. 131) on March 28, 2025, stating that the items seized by the LCSO are not currently in the custody of the United States, or any of its agencies. (Doc. 131 at 3). Then, on April 13, 2026, the Court ordered the Government to supplement its response with information regarding the evidence it received into its custody from local authorities during the prosecution of this case, including any physical items of evidence, and the disposition of such evidence. (Doc. 133). The Government timely filed its supplemented Response

1

(Doc. 134) on April 20, 2026, clarifying that it received no original items of evidence or other items from state and local authorities during the prosecution of this matter.[1] (Doc. 134 at 2).

Rule 41(g) allows a "person aggrieved by an unlawful seizure of property or by the deprivation of property" to move for the property's return. A Rule 41(g) motion is available in two contexts. First, the motion may be used during the pendency of criminal proceedings to recover property that was unlawfully or unreasonably seized. *See Allen v. Grist Mill Capital*, LLC, 88 F.4th 383, 395 (2d Cir. 2023). Second, the motion may be used to recover non-contraband items that were legally seized, at the close of proceedings "when their evidentiary utility is exhausted." *Id.* (quoting *Bova v. United States*, 460 F.2d 404, 406 n. 5 (2d Cir. 1972)). However, "[w]hen the property sought is not in the custody of the United States or any of its agencies, the Court lacks jurisdiction to order that the subject property be returned or otherwise disposed." *United States v. Cummings*, No. 5:24-CR-40 (CAR), 2025 WL 2394880, at *1 (M.D. Ga. Aug. 18, 2025).

Here, Defendant seeks the return of (1) the items listed in the Government's drafted abandonment form attached as Schedule/Exhibit A to Defendant's motion; (2) miscellaneous gold and diamond jewelry, estimated market value of fifteen thousand dollars ($15,000); and (3) nearly two thousand dollars ($2,000) in U.S. currency. (Doc. 129 at 1). The Government attached as an exhibit to its response a list of the evidence and property seized by the LCSO during the investigation and prosecution of this case. (Doc. 131-1). On March 20, 2025, the Government made an inquiry to the LCSO, which revealed that all the seized items had been destroyed by the LCSO on February 7, 2024, except for one airsoft gun that was returned to the victim/owner. (Doc. 131 at 3). The destruction of these items is demonstrated by documents filed in the Superior Court of Lowndes County and attached to the Government's supplemental Response, including an Application for Disposition of Seized Personal Property, Verification, Disposition of Seized Personal Property, and Verification of Destruction. (Doc. 134-1 at 1–3, 12). The Government states that the gold and diamond jewelry and currency listed in Defendant's motion was not seized and is not in federal, state, or local

---

[1] While the Government does not clarify this point specifically, the Court presumes, given the nature of the charges filed in the Indictment and Superseding Information, that the evidence received by the Government during the prosecution of Defendant Abacan was of a digital nature.

custody. (*Id.*) Further, the Government contends that the seized property is not in the custody of the United States or any of its agencies, and as such, the Court does not have jurisdiction to order that the property be returned. (*Id.*)

Upon review, Defendant's Motion to Return Property (Doc. 129) is **DENIED**, as the items he seeks to be returned were destroyed by the LCSO prior to the filing of his motion. To the extent that any of the items requested for return were not destroyed, they are not in the Government's custody. Therefore, the Court lacks jurisdiction to order that the subject property be returned. *See Cummings*, 2025 WL 2394880, at \*1.

**SO ORDERED**, this 21st day of April 2026.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**